# IN THE COURT OF APPEALS OF IOWA

————————

No. 25-1554
Filed January 28, 2026

————————

**In the Interest of B.M. and B.M., Minor Children,**

**M.M., Mother,**
Appellant.

————————

Appeal from the Iowa District Court for Polk County,
The Honorable Susan Cox, Judge.

————————

**AFFIRMED**

————————

Sonia M. Elossais of Carr Law Firm, P.L.C., Des Moines, attorney for
appellant mother.

Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney
General, attorneys for appellee State.

Nicole Garbis Nolan, Des Moines, attorney and guardian ad litem for minor
children.

————————

Considered without oral argument
by Ahlers, P.J., and Buller and Sandy, JJ.
Opinion by Ahlers, P.J.

1

**AHLERS, Presiding Judge.**

The juvenile court terminated the parental rights of the mother of two children born in 2016 and 2022.[1] The mother appeals. She challenges the statutory grounds authorizing termination and whether termination of her parental rights is in the children's best interests. Because the statutory grounds for termination are satisfied and termination is in the children's best interests, we affirm.

We review termination-of-parental-rights cases de novo. *In re A.B.*, 957 N.W.2d 280, 293 (Iowa 2021). Although we are not bound by the juvenile court's factual findings, we give them respectful consideration, especially when assessing the credibility of witnesses. *Id.*

Our review follows a three-step process of determining whether statutory grounds for termination exist, whether termination is in the child's best interests, and whether an exception should apply to prevent termination. *Id.* at 294. But we do not address any step in this process that is not challenged on appeal. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). Accordingly, we limit our review to the mother's challenges of the first two steps.

We begin with the mother's challenge to the statutory grounds authorizing termination. The juvenile court terminated the mother's parental rights to the older child pursuant to Iowa Code section 232.116(1)(f) (2025) and the younger child pursuant to Iowa Code section 232.116(1)(h).

---

[1] The court terminated the parental rights of the father to the older child in 2023. And the father consented to the termination of his parental rights to the younger child. He does not appeal.

Under both section 232.116(1)(f) and (h), the court can terminate a parent's rights if clear and convincing evidence shows that a child has been adjudicated a child in need of assistance, has been removed from the parent's custody for a specified period of time, and cannot be returned to the parent's custody without exposing the child to adjudicatory harm. *See* Iowa Code § 232.116(1)(f)(2)–(4), (h)(2)-(4). The grounds differ only with respect to the age of the child and how long the child has been removed from the parent's custody. *Compare id.* § 232.116(1)(f)(1) (applying to a child aged four years or older), *and* (3) (requiring removal for at least twelve of the last eighteen months), *with id.* § 232.116(1)(h)(1) (applying to a child aged three years or younger), *and* (3) (requiring removal for at least six of the last twelve months). The mother only contests the fourth element of the statutory grounds—whether there was clear and convincing evidence that the children could not be returned to her custody at the time of the termination hearing. *See In re L.A.*, 20 N.W.3d 529, 532–33 (Iowa Ct. App. 2025) (en banc) (recognizing "at the present time" as used in Iowa Code section 232.116(1) means at the time of the termination hearing).

The juvenile court adjudicated the older child as in need of assistance (CINA) and removed him from parental custody in August 2021 following concerns about the parents' unresolved mental-health issues, illegal-substance use, domestic violence, and inability to provide a stable living environment. The mother gave birth to the younger child fourteen months later.

In January 2023, the older child was returned to the mother's custody under the supervision of the Iowa Department of Health and Human Services. But the mother tested positive for cocaine in September. This prompted the adjudication of the younger child as CINA, the removal of the

older child from the mother's custody in October, and the removal of the younger child from the mother's custody following that child's CINA dispositional hearing in February 2024. Neither child has returned to the mother's custody since those latest removals.

The mother again tested positive for cocaine in April 2025. The department has not been able to contact the mother since then.[2] Without that necessary contact, the department does not know whether the mother is engaged in substance-use or mental-health treatment or whether the mother has made any other progress. Because the mother failed to appear at the termination hearing, she did not take advantage of the opportunity to describe any progress she might have made.[3] And her own attorney notified the court that she had not had any contact with the mother since "sometime in June or beginning of July" despite trying to contact her via phone and email numerous times. While the mother did not make herself available by phone to the department or her attorney, she did to the father. From July to August there were approximately 309 phone calls between the mother and the father when he was incarcerated at the Polk County Jail. So the mother has had access to a phone. But she has prioritized using that phone to maintain contact with the father, who has been domestically abusive toward her, rather than maintaining communication with those trying to help her with her children's welfare. This poor choice of priorities is exacerbated by the fact that the record establishes that the mother did not make any

---

[2] The termination hearing took place in August 2025. A social work supervisor testified at the hearing that she tried to contact the mother by both phone calls and text messaging; through her attorney; and through the family-centered services worker.

[3] The juvenile court set the termination hearing for 8:15 a.m. By the end of the hearing at 8:55 a.m., the mother still had not shown up.

discernible progress regarding her parenting deficiencies since the children were last removed from her custody.

Given the mother's lack of engagement and any evidence of sustained progress, we agree with the juvenile court that the children could not be safely returned to her custody at the time of the termination hearing. So a statutory ground authorizing termination is satisfied for both children.

The mother also argues that termination is not in the children's best interests. When making a best-interests determination, we "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." Iowa Code § 232.116(2). The mother argues the juvenile court should have determined that there are bonds between the mother and children and concluded that termination of those bonds would be detrimental to the children. With respect to best interests, we consider how preservation or termination of the parent-child bonds would impact the children's "mental and emotional conditions and needs." *See L.A.*, 20 N.W.3d at 535.

Our review of the record reveals little evidence of bonds of any unusual strength. The children have been out of the mother's custody for most of their lives. And they are doing well in their current placement. The record establishes that the placement family has "shown [the children] the unconditional love, stability and safety needed for them to thrive and grow." The placement family is willing to permanently integrate the children into their family, and termination of the mother's rights will allow for the children to be adopted into that loving home. *See* Iowa Code § 232.116(2)(b) (recognizing we consider "whether the foster family is able and willing to

permanently integrate the child[ren] into the foster family"). Thus, we agree that termination of the mother's rights is in the children's best interests.

**AFFIRMED.**